IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14036-CIV-MOORE/LYNCH

LEDA FOREMAN and WILLIAM FOREMAN,

    Plaintiffs,

vs.

CITY OF PORT ST. LUCIE, DOMINICK
MESITI, individually and in his official capacity,
and ROBERT BRANDO, individually and in his
official capacity,

    Defendants.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT ROBERT BRANDO'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Robert Brando's Motion for Summary Judgment (dkt # 100). Plaintiffs did not file a response.

UPON CONSIDERATION of the Motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.  BACKGROUND**

The facts of this cause have been fully set forth in the Report and Recommendation issued by United States Magistrate Judge Frank J. Lynch, dated March 4, 2008 (dkt # 92), adopted in this Court's Order dated March 20, 2008 (dkt # 98). Those facts are incorporated herein by reference.

**II.  STANDARD OF REVIEW**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

    The judgment sought should be rendered if the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.   ANALYSIS

Under Florida law, an assault is an "intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril." Sullivan v. Atlantic Fed. Sav. & Loan Ass'n, 454 So.2d 52, 55 (Fla. 4th DCA 1984); Lay v. Kremer, 411 So.2d 1347 (Fla. 1st DCA 1982); *see also*

Wiggs v. Courshon, 355 F.Supp. 206, 208-09 (S.D.Fla. 1973) (stating that racial epithet unaccompanied by any threatening action did not create reasonable fear of imminent peril); Boschetti v. Landon, 660 So.2d 365, 366 (Fla. DCA 1995) (stating that conditional threats without brandishing any weapons did not create reasonable fear of imminent peril); Gatto v. Publix Supermarket, Inc., 387 So.2d 377, 379 (Fla. 3d DCA 1980) (holding that casual touching of hands when employee attempted to retrieve property believed to be stolen did not create reasonable fear of imminent peril); Price v. Gray's Guard Service, Inc., 298 S.2d 461, 464 (Fla. 1st DCA 1974) (finding that security guard who was ambushed and beaten by two assailants was in reasonable fear of imminent peril); McDonald v. Ford, 223 So.2d 553, 555 (Fla. 2d DCA 1969) (finding that forceful embrace and kissing while plaintiff struggled to escape placed her in reasonable fear of imminent peril).

Here, Plaintiff William Foreman ("Foreman") conceded in his deposition that he knew the BB gun was unloaded at the time Officer Brando pulled the trigger while the BB gun was pointed in his direction. Dep. of William Foreman, at *40-41, December 12, 2007. Thus, Foreman's assault claim can only survive a motion for summary judgment if a reasonable jury could find that a person can be placed in reasonable fear of imminent peril when a BB gun, which the person knows is unloaded, is discharged while pointed in the direction of the complaining party. This Court finds that Officer Brando's actions could not have given rise to a reasonable fear of imminent harm. This is particularly true in the absence of any facts suggesting that Foreman believed that Officer Brando reloaded the BB or that Foreman maintained cognizable doubts concerning the ability of the BB gun to fire due to the possible reloading of the BB gun by others since the time he unloaded it. Given Foreman's knowledge concerning the inability of the BB gun to fire a projectile at the time Officer Brando pulled the trigger, Foreman

3

could not have been placed in reasonable fear of imminent harm. Therefore, Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant Robert Brando's Motion for Summary Judgment (dkt # 100) is GRANTED. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record